1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY C. LOGAN, | )  1:11-cv-00374-JLT HC |
| Petitioner, | ) |
| | )  ORDER DISMISSING PETITION FOR WRIT |
| v. | )  OF HABEAS CORPUS |
| | ) |
| | )  ORDER DIRECTING CLERK OF COURT TO |
| JAMES A. YATES, et al., | )  ENTER JUDGMENT AND CLOSE FILE |
| | ) |
| Respondents. | )  ORDER DIRECTING CLERK OF COURT TO |
| | )  SEND PETITION BLANK FORM FOR |
| | )  COMPLAINT PURSUANT TO 42 U.S.C. § |
| | )  1983 |

ORDER  DECLINING TO ISSUE A
CERTIFICATE OF APPEALABILITY

    Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254.   On February 28, 2011, Petitioner filed his petition for writ of

habeas corpus in this Court.  (Doc. 1).[1]   On March 22, 2011, Petitioner filed his written consent

to the jurisdiction of the United States Magistrate Judge for all purposes.  (Doc. 5).

-----

[1] Petitioner styled his action as a "Complaint" and refers to the parties as "plaintiff" and "defendants."  He indicates that he did not have the proper court forms to prepare his action and asks the Court's indulgence if the form of his action "does not comply with the courts filing of these matters."  (Doc. 1, p. 20).  The Clerk of the Court has construed the filing as a prisoner habeas corpus action filed by a state prisoner and has docketed the case accordingly.  Based on the analysis infra, the Court will order the Clerk of the Court to send Petitioner the appropriate forms for filing a federal civil rights action.  By the Court's disposition of this habeas case, the Court is not expressing any opinion regarding the merits of Petitioner's claims as federal civil rights violations.

1    Petitioner alleges that he is in custody of Pleasant Valley State Prison, but he provides no

2    information regarding the commitment offense, the date of conviction, or the location of his

3    conviction.  Moreover, Petitioner clearly is not challenging either his conviction or sentence.

4    Instead, Petitioner challenges the manner in which Respondent's personnel are administering

5    medications to Petitioner, specifically claiming that Petitioner has been repeatedly cited for rules

6    violations for contesting the administration of "crushed" medications to him, despite having a

7    note from one physician indicating that Petitioner does not require "crushed" medications.

8    Petitioner also contends that Respondent's personnel are engaged in acts of retaliation against

9    him for his refusal to accept crushed medications.   (Doc. 1).

10    **DISCUSSION**

11    Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary

12    review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it

13    plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule

14    4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490

15    (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the

16    petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. §

17    2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality

18    or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*,

19    Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir.

20    2003)("[H]abeas jurisdiction is absent...where a successful challenge to a prison condition will

21    not necessarily shorten the prisoner's sentence."); Advisory Committee Notes to Rule 1 of the

22    Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. §

23    1983 is the proper method for a prisoner to challenge the conditions of that confinement.

24    McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at

25    574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

26    In this case, as mentioned, Petitioner alleges that Respondent's personnel have

27    wrongfully administered to him crushed medications when he has been authorized by his

28    physician to received medications that are not crushed.  Petitioner also alleges that prison

2

personnel have engaged in acts of retaliation against Petitioner because of his refusal to accept crushed medications.   As relief, Petitioner requests "intervention" by the Court to prevent the harmful practices of Respondent's personnel. (Doc. 1, p. 19).  Petitioner is thus challenging the *conditions* of his confinement, not the *fact or duration* of that confinement.  Because Petitioner's claims do not challenge either the fact or duration of his confinement, this Court lacks habeas jurisdiction of his claims.  Therefore, Petitioner is not entitled to habeas corpus relief, and this petition must be summarily dismissed.  Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

Moreover, the Court declines to issue a certificate of appealability in this case.  A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003).   The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
> > (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting*

1    Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

2          In the present case, the Court finds that Petitioner has not made the required substantial

3    showing of the denial of a constitutional right to justify the issuance of a certificate of

4    appealability.   Reasonable jurists would not find the Court's determination that Petitioner is not

5    entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to

6    proceed further.  Accordingly, the Court DECLINES to issue a certificate of appealability.

7                                             **ORDER**

8          Accordingly, it is HEREBY ORDERED as follows:

9          1.  The petition for writ of habeas corpus (Doc. 1), is DISMISSED because the petition

10   does not allege grounds that would entitle Petitioner to habeas corpus relief;

11         2.  The Clerk of the Court is DIRECTED to enter judgment and close the file;

12         3.  The Clerk of Court is DIRECTED to send Petitioner the standard form for claims

13   pursuant to 42 U.S.C. § 1983; and,

14         4.  The Court DECLINES to issue a certificate of appealability.

15

16   IT IS SO ORDERED.

17   Dated:   **March 23, 2011**                          **/s/ Jennifer L. Thurston**
                                                  UNITED STATES MAGISTRATE JUDGE
18

19

20

21

22

23

24

25

26

27

28